IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **THE COALITION FOR FAIR TRADE IN CERAMIC TILE,**<br><br>                  **Plaintiffs,**<br><br>              v.<br><br>**UNITED STATES,**<br><br>                  **Defendant.** | **Court No. 25-000152** |

## COMPLAINT

Plaintiff, the Coalition for Fair Trade in Ceramic Tile ("Plaintiff" or "the Coalition"), by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff brings this action to contest certain aspects of the final determination issued by the U.S. Department of Commerce ("Commerce") in its countervailing duty ("CVD") investigation of ceramic tile from India. The final determination was published by Commerce in the Federal Register as *Ceramic Tile from India: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Critical Circumstances Determination, in Part*, 90 Fed. Reg. 17, 036 (Dep't of Commerce, April 23, 2025) ("Final Determination"). The findings and conclusions of the contested determination are set forth in the accompanying *Issues and Decision Memorandum for the Final Affirmative Determination of the Countervailing Duty Investigation of Ceramic Tile from India*, Inv. No. C-533-929 (Apr. 16, 2025) ("Issues and Decision Memorandum"). The countervailing duty order based on the final determination was published in the Federal Register on June 16, 2025, as *Ceramic Tile from India: Countervailing*

1

*Duty Order*, 90 Fed. Reg. 25, 234 (Dep't Commerce, June 16, 2025) ("CVD Order").

## JURISDICTION

2.     This court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Section 516A of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and (B)(i).

## STANDING

3.     Plaintiff, the Coalition, is comprised on nine U.S. producers of the domestic like product, who are each interested parties under 19 U.S.C. § 1677(9)(C).  As such, Plaintiff is an interested party within the meaning of 19 U.S.C. § 1677(9)(F) and was the petitioner in the underlying proceeding.  Additionally, the Coalition was an active participant in the investigation which led to the challenged final determination and accordingly has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THIS ACTION

4.     Plaintiff commenced this action by filing the summons with the Court on July 16, 2025, which is within thirty days after the date of publication of the CVD Order on June 16, 2025, and in accordance with 19 U.S.C. § 1516a(2)(A)(i)(II).

5.     This complaint is timely filed within 30 days of the filing of the summons in this action as prescribed in 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and in accordance with CIT Rs. 3(a)(2). Therefore, this action in timely brought pursuant to 28 U.S.C. § 2636(c).

## STATEMENT OF FACTS

6.     On April 19, 2024, the Coalition submitted a  CVD petition concerning unfairly traded imports of ceramic tile from India.  The Coalition alleged, in part, that the domestic industry was materially injured by reason of subsidized imports of ceramic tile from India.  *See*

*Ceramic Tile from India: Initiation of Countervailing Duty Investigation*, 89 Fed. Reg. 42,841 (Dep't of Commerce May 16, 2024) ("Initiation Notice"). On May 16, 2024, Commerce published the notice initiating the countervailing duty investigation of ceramic tile from India. *See id.* The period of investigation ("POI") was from January 1, 2023 through December 31, 2023. *Id.* However, Commerce subsequently amended the POI to fiscal year April 1, 2023, through March 31, 2024. *See* Commerce Memorandum, *Decision Memorandum for the Preliminary Affirmative Determination in the Countervailing Duty Investigation of Ceramic Tile from India* (September 23, 2024) ("Preliminary Decision Memo").

7.    On June 12, 2024, Commerce selected Antiqa Minerals ("Antiqa") and Win-Tel Ceramics Pvt. Ltd. ("Win-Tel") as the mandatory respondents in the CVD investigation. *See* Preliminary Decision Memo at 2. Commerce subsequently issued its Initial Questionnaires to the Government of India ("GOI") and requested that the GOI forward the CVD Questionnaire to both mandatory respondents. *Id.*

8.    The GOI and the mandatory respondents subsequently responded to Commerce's Initial Questionnaire. *See* Preliminary Decision Memo at 2.

9.    Specifically, on July 8, 2024, Win-Tel submitted its initial response to the affiliated companies' portion of Section III of the CVD Questionnaire. In Win-Tel's response it identified several affiliated companies, including Bhabha Exports ("Bhaba"), Brilliant Pinewood Pallets ("Brilliant"), Winart Industries and Winart Packaging (collectively, "Winart"), and Theos Tiles LLP ("Theos"), an affiliated producer of subject merchandise. Additionally, Win-Tel reported that it was supplied subject merchandise by a supposed un-affiliated producer, Neelson Porselano LLP ("Neelson").

10. On July 12, 2024, Antiqa submitted its initial response to Section III identifying affiliated companies' portion of the questionnaire in which it identified several affiliated and cross-owned companies involved in the production and sale of subject merchandise, including Antiek Vitrified LLP ("AVL"), Antiqa Ceramic Pvt. Ltd. ("ACPL"), Shivam Enterprises ("Shivam"), Antique Non Woven Pvt. Ltd. ("ANPL"), Epsilon Tile LLP ("Epsilon"), and Antique Marbonite P. Ltd. ("Marbonite").

11. Plaintiff, the Coalition, subsequently submitted deficiency comments to the initial questionnaire responses filed by the interested parties. In its comments, plaintiff identified various deficiencies in the respondents' questionnaire responses.

12. Commerce issued additional rounds of supplemental questionnaires to the mandatory respondents and the GOI. Interested parties subsequently filed supplemental questionnaire responses.

13. On September 27, 2024, Commerce published in the Federal Register its preliminary determination in the countervailing duty investigation in which calculated subsidy rates of 3.15 percent for Antiqa, 3.05 percent for Win-Tel, and 3.08 percent for All Others. *See Ceramic Tile from India: Preliminary Affirmative Countervailing Duty Determination, Preliminary Affirmative Critical Circumstances Determination, in Part, and Alignment of Final Determination with the Final Antidumping Duty Determination*, 89 Fed. Reg. 79, 245 (Dep't Commerce Sept. 27, 2024) ("Preliminary Determination") and accompanying Preliminary Decision Memo.

14. In its preliminary determination, Commerce determined that "Antiqa, AVL, ACPL, ANPL, and Shivam share common ownership because members of one family hold substantial ownership interests and board of director positions in the five companies." Such

ownership interests and family relationships indicate that the companies' interests have merged, as contemplated by the *CVD Preamble*. Yet, Commerce only preliminarily determined that AVL, ACPL, and ANPL are cross owned with Antiqa pursuant to 19 C.F.R. § 351.525(b)(6)(vi). *See* Preliminary Decision Memo at 13.

15.  Additionally, Commerce preliminarily determined that Win-Tel and Theos share common ownership because members of one family hold substantial ownership interests and board of director positions in both companies. Separately, Commerce determined to attribute to Win-Tel subsidies received by Neelson, an unaffiliated producer, for the sales of subject merchandise from Neelson to Win-Tel pursuant to the trading company regulation 19 C.F.R. § 351.525(c). Regarding the remaining affiliated companies that "may satisfy the definition of cross-ownership" identified by Win-Tel, Commerce preliminarily determined to not attribute subsides received by these companies because "these companies do not satisfy any of the criteria in 19 C.F.R. § 351.525(b)(6)(ii)-(v)." *See* Preliminary Decision Memo at 14-15.

16.  On November 22, 2024, plaintiff filed three upstream subsidy allegations. Commerce subsequently issued an upstream subsidy allegation supplemental questionnaire to the plaintiff. On January 2, 2025, plaintiff timely responded to Commerce's upstream supplemental questionnaire.

17.  On February 11, 2025, Commerce determined not to initiate on the petitioner's three upstream subsidy allegations. *See* Commerce Memorandum, *New Subsidy Allegations of Upstream Subsidies* (February 11, 2025), ("Upstream Subsidy Memo").

18.  Commerce subsequently conducted verification of Antiqa, Win-Tel, and the GOI. *See* Issues and Decision Memorandum at 3.

5

19. On February 25, 2025, plaintiff, Antiqa, Win-Tel, GOI, and MS International, Inc. ("MSI") submitted case briefs to Commerce requesting that changes be made to certain aspects of the *Preliminary Determination*.

20. On March 10, 2025, plaintiff, Win-Tel and Antiqa submitted rebuttal case briefs, and MSI submitted a letter in lieu of a rebuttal brief. On March 24, 2025, the GOI submitted its rebuttal brief. *See* Issues and Decision Memorandum at 3.

21. On April 16, 2025, Commerce issued its final decision memorandum. *See generally* Issues and Decision Memorandum. Subsequently, Commerce published the final affirmative countervailing duty determination on ceramic tile from India on April 23, 2025. In the final determination and the supporting memoranda, Commerce calculated a 3.45 percent subsidy rate for Antiqa, a 3.06 percent subsidy rate for Win-Tel, and a 3.18 percent subsidy rate for All Others. *See Final Determination*, 90 Fed. Reg. at 17,036.

22. On April 28, 2025, plaintiff timely alleged a ministerial error in Commerce's benchmark calculation for the State Government of Gujarat ("SGOG") Provision of Gas for LTAR program.

23. On May 14, 2025, Commerce made its ministerial error determination, finding that it did not make a ministerial error within the meaning of 705 of the Tariff Act. *See* Commerce Memorandum, *Analysis of Ministerial Error Allegation* (May 14, 2025).

24. On June 16, 2025, Commerce published the countervailing duty order on ceramic tile from India maintaining the same subsidy rates it calculated in its final determination. *See Ceramic Tile from India: Countervailing Duty Order*, 90 Fed. Reg. 25,234 (Dep't Commerce June 16, 2025).

## CLAIMS

### Claim 1

25.  Paragraphs 1 through 24 are incorporated herein by reference.

26.  Commerce's regulations make clear that the relationships captured by the cross-ownership definition include those where the interests of two companies have merged to such a degree that one company can use or direct the individual subsidy benefits of the other company in essentially the same way it can use its own subsidy benefits. *See* 19 C.F.R. § 351.525(b)(6)(vi).

27.  Therefore, Commerce's cross-ownership analysis, factual findings, and legal conclusion of Antiqa and its affiliates was unsupported by substantial evidence and not in accordance with law.

28.  Furthermore, Commerce's determination to not include Shivam Enterprises in its cross-ownership analysis was also unlawful and unsupported by substantial evidence.

### Claim 2

29.  Paragraphs 1 through 28 are incorporated herein by reference.

30.  The underlying rationale for attributing subsides between two separate companies is that the interests of the cross-owned companies have merged to such a degree that one can use or direct the subsidy benefits of one company in essentially the same way it can use its own. *See Countervailing Duties; Final Rule*, 63 Fed. Reg. 65348, 64401 (November 25, 1998) (*CVD Preamble*)

31.  Therefore, as a result of its improper Antiqa cross-ownership analysis, factual findings, and legal conclusion Commerce's failure to investigate and attribute subsidies received by Antiqa's cross-owned affiliates and their suppliers was unlawful and unsupported by

substantial evidence.

### Claim 3

32. Paragraphs 1 through 31 are incorporated herein by reference.

33. Commerce's cross-ownership analysis, factual findings, and legal conclusions of Win-Tel and Neelson was unsupported by substantial evidence and not in accordance with law.

### Claim 4

34. Paragraphs 1 through 33 are incorporated herein by reference.

35. As a consequence of the improper cross-ownership determination, Commerce's failure to properly investigate, and attribute subsidies received by Neelson, and Neelson's cross-owned affiliates, to Win-Tel was unlawful.

36. Furthermore, Commerce's determination to not apply adverse facts available ("AFA") to Win-Tel for its failure to accurately report complete information regarding Neelson was also unsupported by substantial evidence and not in accordance with law.

### Claim 5

37. Paragraph 1 through 35 are incorporated herein by reference.

38. Commerce's calculation of a benchmark for the SGOG's Provision of Gas for LTAR program was unsupported by substantial evidence and not in accordance with law. As a result, Commerce's determination that SGOG's Provision of Gas for LTAR program did not confer a benefit during the POI was also unsupported by substantial evidence and not in accordance with law.

### Claim 6

39. Paragraph 1 through 37 are incorporated herein by reference.

40. A subsidy allegation functions "like a civil complaint" and is intended "to alert

the agency to the possibility of a subsidy." Thus, most subsidy allegations "are granted unless the allegations are clearly frivolous, not reasonably supported by the facts alleged or omit important facts which are reasonably available to the petitioner." *See Nucor Corporation v. United States*, 600 F.Supp.3d 1225, 1230 (Ct. Int'l Trade 2022).

41. Therefore, Commerce's determination not to initiate on plaintiff's upstream subsidy allegations was unsupported by substantial evidence and not in accordance with law.

## **REQUEST FOR JUDGMENT AND RELIEF**

42. WHEREFORE, Plaintiff respectfully requests that this Court:

43. Hold that the portions of Commerce's *Final Determination* that are challenged and complained of above are not supported by substantial evidence and are otherwise not in accordance with law;

44. Remand this matter to Commerce for disposition consistent with the final opinion and order of the Court; and

45. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

[signature]

David M. Spooner, Esq.
Christine J. Sohar Henter, Esq.
Hendricks Valenzuela, Esq.

BARNES & THORNBURG LLP
555 12th St. NW, Suite 1200
Washington, D.C. 20004
(202) 371-6377

*Counsel to Plaintiff*
*The Coalition for Fair Trade in Ceramic Tile*

## CERTIFICATE OF SERVICE

PUBLIC SERVICE

### *Coalition for Fair Trade in Ceramic Tile v. United States*
### Court No.: 25-00152

I, David M. Spooner, certify that I served a copy of this public Complaint in the above-titled matter on the following parties, via certified mail or registered mail, return receipt requested, on August 15, 2025.

Supervising Attorney
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Robert Heilferty
Office of the Chief Counsel for
Trade Enforcement and Compliance
International Trade Administration
U.S. Department of Commerce
1401 Constitution Ave., NW
Washington, DC 20230

Representative of M S International, Inc. and Bedrosians Tile and Stone
Jared Wessel, Esq.
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Jared.Wessel@hoganlovells.com

Representative of the Government of India
Shruti Chopra
Embassy of India
Commerce Wing
2536 Massachusetts Ave, NW
Washington, DC 20008
Com4.washington@mea.gov.in

Representative of Win-Tel Ceramics Pvt. Ltd. and Antiqa Minerals
Dharmendra N Choudhary, Esq.
GRUNFELD DESIDERIO LEBOWITZ SILVERMAN KLESTADT, LLP
1201 New York Ave., NW, Suite 650
Washington, DC 20005
dchoudhary@gdlsk.com

Representative of Lioli Ceramica Pvt Ltd.
Jonathan Zielinski, Esq.
CASSIDY LEVY KENT (USA) LLP
2112 Pennsylvania Ave, NW, Suite 300
Washington, DC 20006
jzielinski@cassidylevy.com

Representative of Simpolo Vitrified Private Limited ("Simpolo") and Nexion Surfaces Private Limited ("Nexion")
Brittney Powell, Esq.
FOX ROTHSCHILD LLP
2020 K Street, NW
Suite 500
Washington, D.C. 20006
bpowell@foxrothschild.com

/s/ David M. Spooner
David M. Spooner
*Counsel to Plaintiff*
*The Coalition for Fair Trade in Ceramic Tile*